UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:09-cv-00164

GARY D. THOMPSON                                                              PLAINTIFF

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Strike Certain Portions of the Plaintiff's Complaint (DN 7). Plaintiff has responded (DN 16), and Defendant has replied (DN 18). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is DENIED.

Also before the Court, Plaintiff requests leave to file his First Amended Complaint. For the following reasons, Plaintiff's request is GRANTED. Defendant has FOURTEEN (14) DAYS from the date of this order to respond.

## BACKGROUND

This is an action seeking relief under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*. Plaintiff Gary D. Thompson seeks payment of long-term disability benefits under the Long Term Disability Plan for employees. Defendant Hartford Life and Accident Insurance Company ("Hartford") brought this Motion To Strike portions of Thompson's complaint before filing a responsive pleading under Rule 12.

The relevant facts for this Motion to Strike are as follows. Thompson was employed with U.S. Foodservice for approximately 15 years, and during that time he was insured under a

1

long term disability insurance policy sold, underwritten and issued by Hartford. The policy pays holders for disability on two bases: (1) for the first 24 months of a disability, benefits from the policy are payable if the policy holder is unable to perform the duties of their regular occupation ("regular occupation benefits") and (2) subsequent to the first 24 months of the disability, policy benefits are then only paid out if the policy holder is unable to perform the duties of any occupation for which the policy holder is qualified by education, training, or experience ("any occupation benefits").

At some point in September of 2006, Thompson became disabled[1] and received disability benefits from Hartford beginning in October of 2006. While Thompson was paid regular occupation benefits up until March 2009, Hartford terminated his disability benefits after the first 24 months of the disability because Hartford felt that Thompson did not meet the policy's requirements for any occupation benefits.

On December 7, 2009, Thompson filed this complaint seeking reinstatement of his policy benefits and payment for any prior unpaid benefits to which he had been entitled. Included in the complaint were a number of allegations by Thompson supposedly demonstrating the bias of Hartford and their employees when deciding whether or not to award benefits to policy holders. In response, Hartford brought this Motion to Strike Portions of the Plaintiff's Complaint under Rule 12(f). Specifically, Hartford took issue with paragraphs 110-111, 113-119, and 125-126 in Thompson's original Complaint. DN 7-2 at 9. Paragraphs 125 and 126 read as follows:

¶ 125. On occasion, [Hartford] employee performance appraisals identify the specific

---

[1] Whether Thompson's disability permits him to collect any occupational benefits appears to be the focal point of this dispute. For the purposes of this motion however, it is irrelevant.

sums of claims reserves that an employee has saved Hartford. For example, "achieved a total of 18 RTW and 6 RTW ER . . . . Her activities realized a cost savings of approx. $4,062,185.00 for the team."

¶ 126. Hartford employees pay special scrutiny to claims that may cause Hartford to pay benefits for long periods of time, depleting Hartford's assets. For example, "So we've bought claim for another 30yrs?"

DN 1 at 20. In the initial complaint, no supporting documentation was attached to indicate the origin of these quotes or even whether the statements were attributable to Hartford.

Before ruling on Hartford's Motion to Strike, this Court issued a stay in the proceedings to permit the parties an opportunity to explore whether a settlement was possible. DN 11 at 1. While the stay was still in effect, Thompson filed his First Amended Complaint, in which paragraphs 110-111 and 113-119 were removed.[2] DN 15 at 17. Additionally, the documents from which the quotes in paragraphs 125 and 126 were derived were attached to the amended complaint.[3] DN 15-3; DN 15-4. This Court then lifted the stay, ordering that any response to the Motion to Strike be filed no later that July 15, 2010, and any reply filed by August 12, 2010. Hartford then renewed its objection to paragraphs 125 and 126 in its Reply to the Motion to Strike. DN 18.

## DISCUSSION

Hartford alleges that including paragraphs 125 and 126 in the First Amended Complaint

---

[2] When it was filed, this Court had not yet granted leave for Thompson to amend his Complaint. As 21 days had passed since the filing of the original Complaint, Thompson should have petitioned this Court for leave before filing his First Amended Complaint. *See* FED. R. CIV. P. 15(a).

[3] The documents appear to be internal memoranda produced by Hartford relating to rehabilitation cases pending with the company. Thompson claims that the documents were produced by Hartford in a legal matter pending in the Southern District of New York. DN 16 at 4.

is inappropriate as the documents upon which the paragraphs are based do not relate in any way to Hartford's decision to terminate Thompson's disability payments. Thompson claims that paragraphs 125 and 126 simply shed light on Hartford's practice of encouraging its employers to deny claims made by policy holders. As such, Thompson states that the paragraphs are demonstrative of Hartford's bias and conflict of interest in evaluating the claims on their policies.

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A court may strike portions of the pleading acting on its own initiative or "on a motion made by a party . . . before responding to the pleading." *Id.* Courts are given considerable discretion in deciding whether to strike portions of pleadings under 12(f). *See id; see also Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 552 F.3d 1133, 1141 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). Courts have generally decided to strike portions of a pleading for being impertinent or scandalous only where the language is extreme or offensive. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.1981)) ("[I]f the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court."); *Talbot*, 961 F.2d at 665 (district court did not abuse its discretion in striking paragraphs in a complaint that insinuated defendants knowingly caused a salmonella outbreak where there was no factual basis for such assertions); *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 617-18 (1st Cir. 1988) (district court did not abuse its discretion in striking provisions of a complaint that used phrases like "concentration camp," "brainwash,"

"torture," and "Chinese communists in Korea" to describe a work environment).

Though this Court is skeptical of the actual value of the documents that buttress Thompson's claims in paragraphs 125 and 126, Hartford's Motion to Strike is not proper. It is clear that the statements are not scandalous or impertinent. The statements made in each paragraph are supported by documents that Hartford created . Additionally, Thompson has not misquoted or grossly exaggerated the context of the statements. The relevant precedent further indicates that striking scandalous or impertinent portions of a pleading under Rule 12(f) is more appropriate where the claim is either outrageous, offensive, or devoid of a basis in fact. That is not the case for the allegations in paragraphs 125 and 126.

Hartford makes two arguments why the paragraphs are immaterial to the proceedings. First, Hartford charges that the documents upon which the paragraphs are premised could not form the foundation of a claim to show bias on the part of Hartford because the bias that the documents allegedly show is overly broad. Instead, Hartford insists that bias in denying benefits to policy holders is only material in ERISA cases where the bias is particularized to the specific medical reviewers that examined Thompson's medical records in deciding to deny him any occupational benefits.[4] DN 18 at 2. Therefore, the claims of bias in paragraphs 125 and 126 are immaterial. Second, Hartford states that even if this case proceeded to a discovery phase, the documents quoted in 125 and 126 are not discoverable by Thompson, could not form the basis of

---

[4] Hartford cites *Rizzi v. Hartford Life & Accident Ins. Co.*, No. 09-2107, 2010 WL 2473858, at *9-10 (10th Cir. June 18, 2010), as evidence of this proposition. As an unpublished case from another circuit, *Rizzi* would hold only persuasive authority for this Court.

a charge of bias by Hartford, and therefore are immaterial to the proceedings.[5] DN 7-2 at 6-8.

Without ruling on the merits of these arguments, paragraphs 125 and 126 are not immaterial as they allegedly show evidence of bias and conflict of interest, which is one of the factors that a court must weigh in reviewing the denial of benefits in a plan covered by ERISA. *See Cox v. Standard Insurance Co.*, 585 F.3d 295, 299 (6th Cir. 2009). Furthermore, it is unclear from the evidence before this Court whether the documents quoted in paragraphs 125 and 126 are admissible to show Hartford's bias or a conflict of interest.[6] Therefore striking those sections in the First Amended Complaint without further examining or hearing arguments by both parties as to their admissibility would be inappropriate. Finally, while Hartford's recitation of past precedent with regard to the arbitrary and capricious standard in ERISA cases appears correct, such an in-depth analysis of the standard of review for ERISA claims is premature considering this Court is simply deciding whether to strike certain portions of Thompson's complaint.

With regards to the current matter, the Court denies Hartford's Motion to Strike paragraphs 125 and 126 of Thompson's First Amended Complaint. Further, as Thompson removed paragraphs 110-111 and 113-119 in his First Amended Complaint, the Motion to Strike

---

[5] Hartford admits that if this Court determines that there is a conflict of interest with Hartford determining both eligibility of benefits and then paying those benefits from its own funds, Hartford's decision cannot be arbitrary and capricious and limited discovery may be permitted for Thompson to review Hartford's materials in deciding to deny his benefits. *See Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2348 (2008); *Pemberton v. Reliance Standard Life Ins. Co.*, No. 08-86-JBC, 2009 WL 89696, at *2-3 (E.D. Ky. Jan. 13, 2009). However, Hartford states that even where courts do allow limited discovery, request for items like performance reviews and personnel files for the medical reviews are denied as unduly burdensome and intrusive. *See Pemberton*, 2009 WL 89696, at *3.

[6] It is even unclear from the pleadings exactly what the documents are. Admissibility of documents can hardly be decided when this Court does not know on what it is ruling.

concerning those paragraphs is moot and therefore also denied.  The Court also grants Thompson leave to file his First Amended Complaint.  Finally, Hartford shall have fourteen days from the date of this order to file its Answer.

**CONCLUSION**

The Court being sufficiently advised, IT IS HEREBY ORDERED that Defendant's Motion to Strike Portions of Plaintiff's Complaint is DENIED.

The Court being sufficiently advised, IT IS HEREBY ORDERED that Plaintiff is GRANTED leave to file his First Amended Complaint.

The Court being sufficiently advised, IT IS HEREBY ORDERED that Defendant shall file his answer to the First Amended Complaint within FOURTEEN (14) DAYS.